UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH R. FLYING HORSE,<br><br>                    Petitioner,<br><br>        vs.<br><br>BOB DOOLEY and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | CIV. 14-5079-JLV<br><br><br>ORDER |

Petitioner Joseph Flying Horse, an inmate at the South Dakota State Penitentiary, appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (Docket 1).   Mr. Flying Horse also filed a motion to proceed *in forma pauperis*.   (Docket 2).   Pursuant to the court's standing order and 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Veronica L. Duffy.   Magistrate Judge Duffy filed a report recommending Mr. Flying Horse's petition be dismissed.   (Docket 8 at p. 12).   Mr. Flying Horse timely filed objections to the report and recommendation.   (Docket 17).   In addition, following issuance of the report and recommendation, Mr. Flying Horse filed a motion to compel and an amended motion for partial summary judgment.   (Dockets 14 & 20).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.   Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).   The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1).   After careful review of

the record, the court adopts the findings and recommendations of the magistrate judge, grants *in forma pauperis* status to Mr. Flying Horse, and dismisses the petition for a writ of habeas corpus.

The principal premise of Mr. Flying Horse's objections is that the court should retroactively apply <u>Missouri v. McNeely</u>, ____ U.S. ___, 133 S. Ct. 1552 (2013), and find the 2010 driving while under the influence conviction violated his constitution rights under the Fourth Amendment.   (Docket 17 at pp. 2-5). In addition, Mr. Flying Horse argues because <u>McNeely</u> should be retroactively applied, his petition is not time barred by the one-year limitation period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).   <u>Id.</u> at pp. 8-9.   Finally, Mr. Flying Horse argues because his state habeas petition was filed within the five years permitted by SDCL § 21-27-3.2,[1] the AEDPA statute of limitation was tolled.   <u>Id.</u> at pp. 12-15.

Even if Mr. Flying Horse's state habeas petition is considered as timely pursuant to SDCL § 21-27-3.2, it was not filed in time to toll the one-year statute of limitations of the AEDPA.   <u>See</u> <u>Curtiss v. Mount Pleasant Corr. Facility</u>, 338 F.3d 851, 853 (8th Cir. 2003) ("Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state

[1]SDCL § 21-27-3.2, which was repealed in 2012, created a rebuttable presumption "that the state or the applicant's custodian has been prejudiced if the application is filed more than five years after signing, attestation and filing of the judgment or order under which the applicant is held."   This section was replaced by SDCL § 21-27-3.3 which applied a two-year statute of limitation to applications for habeas corpus relief filed in state court.   For purposes of the analysis in this case, the court will presume SDCL § 21-27-3.2 applies.

court cannot act to toll the federal statute of limitations.") (referencing <u>Painter v. Iowa</u>, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period [of the ADEPA].").

Mr. Flying Horse did not appeal his state conviction of May 31, 2011, or seek United States Supreme Court review within 90 days of the filing of the state judgment.   He did not file his state habeas petition until December 15, 2013, by which time a total of 829 days had expired, well beyond the one-year limit of the AEDPA.   (Docket 8 at p. 5).   Mr. Flying Horse's objection on this ground is denied.

The magistrate judge properly analyzed the restrictive nature of retroactivity.   (Docket 8 at pp. 6-8).   "Under the <u>Teague</u>[2] framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. . . . A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Whorton v. Bockting</u>, 549 U.S. 406, 416 (2007) (internal citations and quotation marks omitted).   "[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Teague</u>, 489

---

[2]<u>Teague v. Lane</u>, 489 U.S. 288 (1989).

U.S. at 310.   See also Sanders v. Dowling, 594 F. App'x 501, 503 (10th Cir. 2014) ("because McNeely states, at most, a procedural rule that in no way implicates a risk of inaccurate conviction, '[i]t is not within either of the extremely narrow Teague exceptions to the retroactivity bar.' " (citing United States v. Chang Hong, 671 F.3d 1147, 1159 (10th Cir. 2011)).

The court finds McNeely addressed a rule of procedure which does not permit its retroactive application to Mr. Flying Horse's case, which was "final before the new rule[] [was] announced."   Teague, 489 U.S. at 310.   Ultimately a decision on retroactivity must come from the United States Supreme Court. Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Mr. Flying Horse's objections on these grounds are denied.

Mr. Flying Horse objects to the magistrate judge's decision to analyze the merits of his petition in light of Stone v. Powell, 428 U.S. 465 (1976).   (Docket 17 at pp. 7-8 & 10-11).   Mr. Flying Horse argues his petition should be granted because the prosecution was permitted to use the results of his blood alcohol tests to convict him.   Id.   The magistrate judge properly applied Stone because the state court fully and fairly provided Mr. Flying Horse with the opportunity to litigate those evidentiary claims.   Mr. Flying Horse's objection on this ground is denied.

The remainder of Mr. Flying Horse's objections to the report and recommendation are simply a reassertion of arguments considered by the

magistrate judge or focus on claims surrounding the use of evidence at the state criminal trial.   <u>See</u> Dockets 7 & 17 at pp. 11-12.   Challenges on these grounds are procedurally barred because Mr. Flying Horse did not raise the issues in a state habeas petition filed prior to the expiration of the one-year limitation of the AEDPA.   "[F]ailure to exhaust available state court remedies [will] require dismissal of his action."   <u>Veneri v. State of Missouri</u>, 734 F.2d 391, 393 (8th Cir. 1984).   Dismissal is mandatory.   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."   Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Flying Horse's objections to the report and recommendation (Docket 17) are overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 8) is adopted by the court.

IT IS FURTHER ORDERED that Mr. Flying Horse's *in forma pauperis* motion (Docket 2) is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that petitioner's motion to compel (Docket 14) is denied.

IT IS FURTHER ORDERED that petitioner's amended motion for partial summary judgment (Docket 20) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.   Mr. Flying Horse may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated May 19, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE